UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. GILES,<br><br>   Plaintiff,<br><br>  v.<br><br>SAN JOAQUIN VALLEY<br>REHABILITATION HOSPITAL, et al.,<br><br>   Defendants. | No. 1:21-cv-00732-JLT-SKO (PS)<br><br>ORDER GRANTING MOTION TO DISMISS IN PART<br><br>(Doc. 7) |

  Plaintiff Michael D. Giles filed a complaint against his former employer and several of its employees on May 6, 2021, alleging civil-rights violations. (Doc. 1.) Defendants San Joaquin Valley Rehabilitation Hospital, Vibra Healthcare, Mary Jo Jacobson, Connie Pierce and Kelly Rudolph filed a motion to dismiss on July 1, 2021 (Doc. 7), arguing that Plaintiff failed to effectuate service of process and that Plaintiff failed to state a claim. The Court **GRANTS** Defendants' motion to dismiss **IN PART** and **QUASHES** Plaintiff's service of process.

**BACKGROUND**

  Briefly, Plaintiff's complaint alleges that he is a 60-year-old man who was discriminated against because of his age and gender and that he suffered retaliation. (Doc. 1.) The Clerk of the Court issued summons on May 25, 2021. (Doc. 3.) On June 15, 2021, Plaintiff filed two certificates of service, indicating that on June 3, 2021, he mailed the summons to Defendant Vibra Healthcare at one address and to all other Defendants at a different address. (Docs. 5 & 6.)

1

Both certificates were signed by Plaintiff.

## LEGAL STANDARDS

"Rule 12(b)(4) enables the defendant to attack the form of the proof of service, and Rule 12(b)(5) enables the defendant to attack the manner in which service was attempted." *Justice v. Albertsons Corp.*, No. 11-CV-2253-H BLM, 2012 WL 355031, at *3 (S.D. Cal. Feb. 2, 2012) (unpublished); *accord Crane v. Battelle*, 127 F.R.D. 174, 177 (S.D. Cal. 1989) (distinguishing between Rule 12(b)(4) and 12(b)(5) motions).

If service is insufficient, as defined by Federal Rule of Civil Procedure 4, "the district court has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint." *Chan v. Society Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994). However, "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted).

Rule 4(c) describes what must be served and who may serve it. "A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). "Any person who is at least 18 years old and **not a party** may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2), emphasis added. Rules 4(e) and (h) govern the way to serve process on individuals and corporations in the United States:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:

2

>   > (A) delivering a copy of the summons and of the complaint to the individual personally;
>   >
>   > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   >
>   > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.
>
> …
>
> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>   > (1) in a judicial district of the United States:
>   >
>   >   > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>   >   >
>   >   > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>   >
>   > (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4. Rule 4(d)(1) also describes one way a defendant may waive service of process. The Eastern District of California has a copy of the form referred to by the Rule here: https://www.caed.uscourts.gov/caed/documents/forms/civil/waiver%20of%20service.pdf.

**DISCUSSION**

Defendants move to dismiss or to quash service due to insufficient service of process because Plaintiff failed to provide a copy of the complaint when serving summons. (Doc. 7 at 7–8.) Plaintiff does not dispute that he failed to include a copy of the complaint and represents that he sent a copy of the complaint after becoming aware of the requirement. (Doc. 10 at 2.) However, Plaintiff has not filed a statement to that effect as required by Rule 4(*l*)(1). Accordingly, Plaintiff has not met his burden to establish that he accomplished lawful service of

3

process[1].  *See Brockmeyer*, 383 F.3d at 801 (plaintiff bears burden to prove service).

Because Plaintiff is *pro se* and indicates he now understands why his attempt at service was insufficient, the Court elects to quash service, not dismiss the complaint, and the Court will extend Plaintiff's deadline for serving process.  *See S.J.*, 470 F.3d at 1293 (court has broad discretion to quash service or dismiss complaint).  Within 60 days of the date of service of this order, Plaintiff shall file either (1) proof of accomplishing service of process or (2) Defendants' waiver of service of process.  *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to conduct service within 90 days], the court must extend the time for service for an appropriate period.").[2]  Because the Court is quashing service, it need not address the remainder of the motion to dismiss.

**CONCLUSION AND ORDER**

Accordingly,

1.  Defendants' motion to dismiss is granted, in part, as set forth above.
2.  Plaintiff's service on Defendants is quashed; and
3.  Plaintiff shall file a proof of service or a waiver thereof within 60 days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **January 26, 2022**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

---

[1] For example, the plaintiff may not serve the summonses and complaints. Fed. R. Civ. P. 4(c)(2).
[2] It is possible that Plaintiff's service was improper for more reasons than Defendants described in their motion.  Plaintiff should carefully review Rule 4 to determine how to accomplish service.