1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL D. GILES,                        Case No.  1:21-cv-00732-JLT-SKO

12              Plaintiff,                     **FINDINGS AND RECOMMENDATIONS
                                               THAT PLAINTIFF'S MOTION FOR**
13        v.                                   **SUMMARY JUDGMENT AND MOTION
                                               TO APPOINT COUNSEL BE DENIED**
14   SAN JOAQUIN VALLEY
     REHABILITATION HOSPITAL, et al.,          (Docs. 38, 40)
15
                Defendants.                    **OBJECTIONS DUE: 21 DAYS**
16

17
                          **I.      INTRODUCTION**
18
         Plaintiff Michael D. Giles, proceeding *pro se*, initiated this action against San Joaquin Valley
19
     Rehabilitation Hospital, its parent company Vibra Healthcare, LLC, Mary Jo Jacobson, Connie Pierce,
20
     and Kelly Rudolph (collectively, "Defendants") by filing a complaint on May 6, 2021.  (Doc. 1.)
21
     Following this Court's ruling granting Defendants' motion to dismiss for failure to state a claim
22
     (Doc. 36), Plaintiff filed a first amended complaint (Doc. 37).  The operative complaint raises
23
     claims of age and gender discrimination.  (Doc. 37.)  That same day, Plaintiff filed, *inter alia*, a
24
     motion for summary judgment (Doc. 38) and a motion to appoint counsel (Doc. 40).  No oppositions
25
     to the two motions have been filed.  (*See* Docket.)  These motions were referred to the undersigned
26
     for the preparation of findings and recommendations.  (*See* Doc. 42.)
27
         For the reasons set forth below, the undersigned recommends that Plaintiff's motion for
28

                                            1

1   summary judgment (Doc. 38) be DENIED without prejudice as premature, and Plaintiff's motion

2   for appointment of counsel (Doc. 40) be DENIED without prejudice.

3                          **II.      MOTION FOR SUMMARY JUDGMENT**

4          "Although [Federal Rule of Civil Procedure 56] allows a motion for summary judgment to

5   be filed at the commencement of an action, in many cases the motion will be premature until the

6   nonmovant has had time to file a responsive pleading or other pretrial proceedings have been

7   had." Fed. R. Civ. P. 56, Advisory Committee's Notes (2010 Amendments, Note to Subdivision

8   (b)). Indeed, many courts have denied pre-answer and pre-discovery motions for summary

9   judgment as premature despite technical compliance with the timing provisions of Rule 56. *See,*

10  *e.g., Bradford v. Ogbuehi*, No. 1:17-cv-01128-SAB (PC), 2020 WL 9886194, at *1 (E.D. Cal. Feb.

11  20, 2020) (denying plaintiff's motions for summary judgment as premature where defendant had

12  not yet filed an answer and the court had not issued a discovery order); *Williams v. Yuan Chen*, No.

13  S–10–1292 CKD P, 2011 WL 4354533, at * 3 (E.D. Cal. Sept. 16, 2011) (same); *Moore v.*

14  *Hubbard*, No. CIV S–06–2187 FCD EFB P, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13,

15  2009) (recommending that plaintiff's motion for summary judgment be denied as premature where

16  "discovery has not yet begun, defendants have not yet filed an answer and the court has yet to issue

17  a discovery and scheduling order").

18         Here, although Plaintiff's motion for summary judgment technically meets the requirements

19  of Federal Rule of Civil Procedure 56(b), the undersigned finds that his motion is premature.

20  Plaintiff recently filed an amended complaint (Doc. 37), and Defendants have yet to file a

21  responsive pleading. (*See* Docket.)  Moreover, the Court has not yet issued a scheduling order, and

22  discovery has not yet begun in this case.  Accordingly, the undersigned recommends denying

23  Plaintiff's motion for summary judgment (Doc. 38) without prejudice as premature, subject to

24  renewal at an appropriate stage of this litigation. *See Bradford*, 2020 WL 9886194, at *2.

25                        **III.     MOTION FOR APPOINTMENT OF COUNSEL**

26         With respect to Plaintiff's motion for the appointment of counsel (Doc. 40), Plaintiff does

27  not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560

28

                                             2

F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is dispositive, and they must be viewed together.  *Palmer*, 560 F.3d at 970; *Wilborn* 789 F.2d at 1331.

As set forth above, Defendants have yet to file a response to the operative pleading.  At this point in the litigation, the Court cannot adequately assess the complexity of Plaintiff's case to determine whether exceptional circumstances exist that would justify seeking counsel willing to represent Plaintiff in this action on a *pro bono* basis.  *See, e.g., Lopez v. Newport Beach Police Dep't*, No. SA CV 16-02267-VBF-MRW, 2017 WL 729700, at *4 (C.D. Cal. Feb. 27, 2017) (denying motion to appoint counsel where defendants had not yet filed a responsive pleading, and noting that plaintiff could file a renewed motion once the controversy was "more fully pled and briefed on both sides").  Therefore, the undersigned recommends that Plaintiff's motion to appoint counsel (Doc. 40) be denied without prejudice subject to renewal at a later stage of these proceedings.

## IV.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED THAT:

1.    Plaintiff's motion for summary judgment (Doc. 38) be denied without prejudice as premature; and

2.    Plaintiff's motion for appointment of counsel (Doc. 40) be denied without prejudice.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge

will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **September 6, 2023**                          */s/ Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE