1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   MICHAEL D. GILES, | Case No.: 1:21-cv-00732 JLT SKO |
| 12           Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER |
| 13     v. | PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) |
| 14   SAN JOAQUIN VALLEY | |
| 15   REHABILITATION HOSPITAL, et al., | (Doc. 39) |
| 16           Defendants. | |

17         The Court granted Defendants' motion to dismiss this action, concluding that Plaintiff failed to

18 state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil

19 Procedure. (*See* Docs. 1, 21, 36.) Plaintiff now seeks what the Court construes as a motion for relief

20 from judgment or order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (*See* Doc. 39.)

21 For the reasons set forth below, the motion is **DENIED**.

22         Plaintiff, a former employee of San Joaquin Valley Rehabilitation Hospital, alleges that

23 Defendants engaged in discriminatory and retaliatory conduct in connection with his employment.

24 (*See generally* Doc. 1.) He seeks to hold SVRH; its parent company Vibra Healthcare, LLC; SJVRH's

25 CEO, Mary Jo Jacobson; SJVRH's Human Resources Director, Connie Pierce; and SJVRH's Director

26 of Quality Improvement, Kelly Rudolph, liable for violations of Title VII of the Civil Rights Act of

27 1994, violations of the Age Discrimination in Employment Act, and "conspiracy to deprive Plaintiff of

28 gainful employment." (*Id*.) On July 14, 2023, the Court dismissed Plaintiff's claims against Jacobson,

1

Pierce, and Rudolph without leave to amend. (*See* Doc. 36.)[1] On August 14, 2023, Plaintiff filed a "Request to Vacate Order of Dismissal of Defendants Jacobson, Pierce, and Rudolph." (Doc. 39.) Because the request was not filed within 28 days of the Court's July 14, 2023, order, the Court construes the request as a motion for relief from judgment or order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[2]

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks, citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances,

---

[1] The Court also dismissed the claims against SJVRH and Vibra with leave to amend. Plaintiff does not challenge this decision.

[2] This is as opposed to Federal Rule of Civil Procedure 59(e), which permits a party to move a court to alter or amend its judgment within 28 days of entry of judgment. Fed. R. Civ. P. 59(e).

unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in original). Further, Local Rule 230(j) requires a movant to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

After review of Plaintiff's motion, the Court finds that Plaintiff has not presented any new or different facts, circumstances, or evidence such that reconsideration of the prior order would be appropriate. In fact, he does not base his challenge on the appropriate grounds for relief under Rule 60(b). He instead repeats the argument that he is entitled to seek damages against Jacobson, Pierce, and Rudolph for engaging in a "criminal conspiracy" to commit perjury. (*See* Doc. 1 at ¶ 1; Doc. 39 at 4.) The Court has already considered this argument and explained in its order that "[a]s this is a civil action, any attempt by Plaintiff to state a claim of a criminal nature against the individual Defendants fails." (Doc. 36 at 13.) Accordingly, Plaintiff's motion for reconsideration (Doc. 39) of the Court's July 14, 2023, order is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 19, 2024**

UNITED STATES DISTRICT JUDGE

3