# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. GILES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOAQUIN VALLEY REHABILITATION HOSPITAL, et al.<br><br>　　　　Defendants. | Case No. 1:21-cv-00732-JLT-SKO<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS PREMATURE<br><br>(Doc. 53) |

On May 6, 2021, Plaintiff Michael Giles filed this action alleging causes of action under California law related to his employment termination. (Doc. 1). Currently before the Court is Plaintiff's motion for default judgment, which Plaintiff filed on May 13, 2024. (Doc. 53). As discussed below, Plaintiff's motion is premature, as no defendant has had default entered against them—a necessary condition before the entry of default judgment. Since Plaintiff's motion does not address the factors applicable to a motion for default judgment, the Court sets forth the applicable legal standards in case Plaintiff chooses to seek a default judgment again after obtaining an entry of default.[1]

---

[1] While Plaintiff is correct that defendants have not filed an answer, they have filed a timely motion to dismiss. (*See* Doc. 49). If a defendant files a motion to dismiss, the deadline to file an answer is postponed until fourteen days after the court's order on that motion. Fed. R. Civ. P. 12(a)(4)(A). Plaintiff's motion is also dismissed as premature for this reason.

1

**A.     Legal Standard for Default Judgment**

"Our starting point is the general rule that default judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process. Entry of default must be obtained prior to entry of default judgment, and entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, a plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b). Federal Rule of Civil Procedure 55(b)(2) provides the framework for the Court to enter a default judgment:

> (b) Entering a Default Judgment.
>
>> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>>
>>> (A) conduct an accounting;
>>>
>>> (B) determine the amount of damages;
>>>
>>> (C) establish the truth of any allegation by evidence; or
>>>
>>> (D) investigate any other matter.

Fed. R. Civ. P. 55.

The decision to grant a motion for entry of default judgment is within the discretion of the court. *PepsiCo, Inc. v. California Security Cans*, 238 F .Supp. 1172, 1174 (C.D. Cal. 2002). The Ninth Circuit has set forth the following seven factors (the "*Eitel* factors") that the Court may consider in exercising its discretion:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive

claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

### B. Plaintiff's Motion Is Denied as Premature

No default has been entered in this matter (*see* Docket) and therefore Plaintiff's motion for default judgment is premature. *See Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting the two-step process under Rule 55 of entering default and then entering a default judgment); *Ortiz v. Diversified Consultants, Inc.,* No. 2:17-CV-0713-TLN-KJN (PS), 2017 WL 3593728, at *3-4 (E.D. Cal. Aug. 21, 2017) (denying motion for default judgment in part as premature due to no entry of default being entered); *Thielwisemiller v. Eder*, No. 3:14-CV-00064-MMD, 2014 WL 1796323, at *3 (D. Nev. May 6, 2014) (denying motion for default judgment as premature as entry of default is a "precondition to the entry of a default judgment.").

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for default judgment (Doc. 53) is DENIED without prejudice as premature.

IT IS SO ORDERED.

Dated:  **May 21, 2024**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE