UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. GILES,<br><br>            Plaintiff,<br><br>    v.<br><br>SAN JOAQUIN VALLEY<br>REHABILITATION HOSPITAL, et al.,<br><br>            Defendants. | Case No.  1:21-cv-00732-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED**<br><br>(Doc. 49)<br><br>**OBJECTIONS DUE: 21 DAYS** |

## I.    INTRODUCTION

Plaintiff Michael D. Giles, proceeding *pro se*, initiated this action against San Joaquin Valley Rehabilitation Hospital and its parent company Vibra Healthcare, LLC, (collectively, "Defendants") by filing a complaint on May 6, 2021.  (Doc. 1).[1]  Following this Court's ruling granting Defendants' motion to dismiss for failure to state a claim (Doc. 36), Plaintiff filed a first amended complaint (the "FAC") (Doc. 37).  That same day, Plaintiff filed a motion for summary judgment (Doc. 38) and a motion to appoint counsel (Doc. 40).  Based on the undersigned's recommendations (Doc. 43), the Court denied Plaintiff's motion for summary judgment on October 16, 2023.  (Doc. 45).

---

[1] Plaintiff also named Mary Jo Jacobson, Connie Pierce, and Kelly Rudolph and Defendants in his original complaint. (See Doc. 1).  They have since been dismissed from the case.  (Doc. 36).

Defendants filed the instant motion to dismiss (Doc. 49) on April 22, 2024. Plaintiff filed responses (Docs. 52, 54),[2] and Defendants replied. (Doc. 58). The motion was referred to the undersigned for the preparation of findings and recommendations. (*See* Doc. 50).

For the reasons set forth below, the undersigned recommends that Defendants' Motion to Dismiss (Doc. 49) be GRANTED.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

In considering Defendants' Motion, the Court accepts as true all of the following factual allegations contained in the FAC. *See, e.g., Rotkiske v. Klemm*, 140 S. Ct. 355, 359 n.1 (2019) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)).

Plaintiff previously worked as a maintenance employee for San Joaquin Valley Rehabilitation Center ("SJVRC"), a subsidiary of Vibra Healthcare, LLC. (Doc. 37 at 4). On August 2, 2019, an HR employee suspended Plaintiff's employment for five days with no explanation. (Doc. 37 at 8). Plaintiff later learned there had been complaints from other employees that Plaintiff had touched their shoulders or made them uncomfortable while they walked to their cars. (Doc. 37 at 8-9). SJVRH terminated Plaintiff's employment on December 10, 2019. (Doc. 37 at 14). Defendants explained that it dismissed Plaintiff because "(1) Plaintiff touched a patient on the shoulder by the elevator, (2) Plaintiff made a political statement by the elevator, and (3) Plaintiff touched someone on the shoulder by the front desk." (Doc. 37 at 9).

Plaintiff asserts men and women were treated differently by SJVRC. (*See* Doc. 37). For instance, Plaintiff asserts various departments exclusively or primarily employing women (such as in-patient admitting on on-call nursing) received on-call pay while he did not. (Doc. 37 at 5-7). He also asserts men were "treated differently" in disciplinary proceedings when compared to women. (Doc. 37 at 7). He states "[a]ny complaint from a woman was viewed as fact and a male employee was deemed guilty, no defense permitted." (Doc. 37 at 7).

Plaintiff also alleges he was mistreated by SJVRH's Director of Quality Improvement,

---

[2] As Defendants note, Plaintiff filed his opposition 10 days late. Under Local Rule 230(c), the Court may treat a late filing as a non-opposition. For the sake of judicial efficiency, the undersigned will address Plaintiff's arguments anyway.

Kelly Rudolph. He asserts that in 2014 – 2015, Ms. Rudolph told another employee (a housekeeper) to "take apart [a] heat pump that . . . the housekeeper knew nothing about." (Doc. 37 at 13). The unit was "shorting . . . out," and this put the housekeeper at risk of injury or even death." (*Id.*). Plaintiff reported the incident to his supervisor, who informed Plaintiff that Ms. Rudolph had in fact instructed the housekeeper to open the machine, which Plaintiff alleges threatened the housekeeper's safety. (*Id.*).

### III. LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim," and dismissal is "proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011). "To survive a motion to dismiss, the plaintiff's complaint 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"At this stage, the Court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party." *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1109 (9th Cir. 2019). "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64. "'[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory.'" *Twombly*, 550 U.S. at 562.

In resolving a Rule 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).

To the extent the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). Federal Rule of Civil Procedure 15(a)(2) advises that "[t]he court should freely give leave when justice so requires." "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

## IV.  DISCUSSION

Plaintiff asserts the following seven causes of action in the FAC: (1) Violations of the Equal Pay Act; (2) Gender Discrimination (under Title VII of the Civil Rights Act) ("Title VII"); (3) Age Discrimination (under the Age Discrimination in Employment Act) (the "ADEA"); (4) Hostile Work Environment (under Title VII and the ADEA); (5) Retaliation (under Title VII); (6) Wrongful Termination in Violation of Public Policy (under California law); and (7) Perjury.[3] (*See* Doc. 37).

Plaintiff did not allege Counts One, Six or Seven in the original complaint. (*See* Doc. 1, alleging the following claims: (1) gender discrimination, retaliation, and hostile work environment in violation of Title VII; (2) age discrimination and hostile work environment in violation of the ADEA; and (3) conspiracy to deprive Plaintiff of gainful employment). The Court's July 23, 2024, order provided Plaintiff the opportunity to file a FAC with respect to the Title VII and ADEA claims against SJVRH and Vibra (Counts Two through Five of the FAC). The Court cautioned Plaintiff that "to this extent **only**, Plaintiff will be given an opportunity to file an amended complaint that cures the stated defects." (Doc. 36 at 15) (emphasis in original). By filing new claims (violations of the Equal Pay Act [Count One], Wrongful Termination in

---

[3] In the FAC, Plaintiff does not allege claims for conspiracy or hostile work environment under the ADEA as he did in his original complaint. Plaintiff only alleges one count of retaliation (Count Four) which the Court interprets to arise under Title VII (and not the ADEA) because Plaintiff does not reference his age as a protected status or the ADEA, as he did in his original complaint. (*See* Doc. 1 at 12) ("The Defendant's conduct as alleged above constitutes hostile and abusive working environment in violation of Title VII, and the ADEA."), *compare with* (Doc. 37 at 13-15). The Court warned Plaintiff that failing to raise a cause of action in the amended complaint would constitute a waiver. (Doc. 36 at 16). Accordingly, Plaintiff's claims for conspiracy and hostile work environment under the ADEA have been waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

4

Violation of Public Policy [Count Six], and Perjury [Count Seven]), Plaintiff went beyond the limits of the Court's order.  Even accepting all Plaintiff's new allegations as true, Plaintiff's claims fail on their merits.  Therefore, the Court will address all of the claims in Plaintiff's FAC.

**A.      Plaintiff Has Failed to Allege a Claim Under the Equal Pay Act (Count 1)**

Under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d),

> No employer . . . shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex[.]

29 U.S.C. § 206(d)(1). "An employee bears the burden of establishing a prima facie case of wage discrimination by showing that 'the employer pays different wages to employees of the opposite sex for substantially equal work.'" *Rizo v. Yovino*, 950 F.3d 1217, 1222 (9th Cir. 2020) (en banc) (quoting *Maxwell v. City of Tucson*, 803 F.2d 444, 446 (9th Cir. 1986)).  To make a prima facie case, Plaintiff must show the jobs being compared are "substantially equal," but not necessarily that they are identical.  *Freyd v. University of Oregon*, 990 F.3d 1211, 1219 (9th Cir. 2021). "Instead, the crucial finding on the equal work issue is whether the jobs to be compared have a common core of tasks." *Id.* at 20 (internal quotation marks and citations omitted).  "The question of whether two jobs are substantially equal is one that must be decided on a case-by-case basis." *Hein v. Or. Coll. of Educ.*, 718 F.2d 910, 913 (9th Cir. 1983).  If the Plaintiff puts forth a prima facie case of discrimination, the burden shifts to the employer to demonstrate the difference is justified by one of the four exceptions listed in the Act.  (*Id.*).  "Unlike Title VII, the EPA does not require proof of discriminatory intent."  *Rizo*, 950 F.2d at 1223.

Plaintiff has failed to plausibly allege facts that would entitle him to relief.  Plaintiff does not allege men and women were treated differently within the same department.  Rather, Plaintiff's primary assertion is that employees in other departments, such as admitting, nursing and "liaisons," received on-call pay, while he did not.  (Doc. 37 at 5-7).  Plaintiff asserts being

5

"on-call" requires the "same skill, effort, responsibility and working conditions" for his position and the others listed. Plaintiff acknowledges, however, that the positions themselves are different. Plaintiff admits "[t]here is a difference in duties once an employee arrives for duty after being called in. Nursing treats patients, liaisons arrange to get patients in and impatient admitting ensures the paperwork is done. All three departments have different pay scales when they arrive after being called in as their duties are not the same." (Doc. 54 at 6). Plaintiff's admissions undermine his contention that his position was "substantially equal" to these other jobs listed. They also demonstrate the jobs lack a "common core of tasks," or that they are otherwise incomparable under the EPA. *Freyd*, 990 F.3d at 1211. Plaintiff also admits that Defendants paid men and women in those departments equally. In essence, Plaintiff has only alleged two different jobs were paid differently, which is insufficient to state a claim under the EPA. *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1074 (9th Cir. 1999) (holding that a plaintiff must present a comparison of "the jobs in question," not "the individuals who hold the jobs."); *see also Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 641 (9th Cir. 2003) (finding Plaintiff had not established a prima facie case of discrimination because she failed to identify a "similarly situated" employee with a similar job with similar conduct). Accordingly, Plaintiff has not sufficiently alleged a claim under the EPA.

**B.     The FAC Does Not State a Claim Under Title VII (Counts Two, Four and Five)**

Title VII broadly prohibits an employer from discriminating on the basis of "race, color, religion, sex, or national origin." 42 U.S.C § 2000e-2(a); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (quoting 42 U.S.C. § 2000e-3(a)). Plaintiffs may show discrimination by (1) proving disparate treatment or impact or (2) by establishing the existence of a hostile work environment. *Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1109 (9th Cir. 1991), superseded by statute on other grounds as recognized by *Dominguez-Curry v. Nev. Trans. Dist.*, 424 F.3d 1027, 1041 (9th Cir. 2005)).

At the pleading stage, a plaintiff is not required to allege specific facts establishing each of these elements to make out the type of prima facie case required at the evidentiary stage. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002); *see also Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 569–70 (2007) (reaffirming *Swierkiewicz*). The plaintiff must, however, allege facts sufficient to put the defendant on fair notice of the basis for the claims, including, for example, that the plaintiff's employer discriminated against the plaintiff because of their race, color, religion, sex, or national origin and facts to support that assertion, and at least some facts regarding the adverse employment action and the events leading up to the adverse employment action. *See Swierkiewicz*, 534 U.S. at 514; *see also Fresquez v. County of Stanislaus*, No. 1:13-cv 1897-AWI-SAB, 2014 WL 1922560, at *2 (E.D. Cal. May 14, 2014) ("[W]hile a plaintiff need not plead facts constitut[ing] all elements of a prima facie employment discrimination case [ ] to survive a motion to dismiss, courts look to those elements . . . so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a [plausible] claim to relief.").

Plaintiff asserts three causes of action under Title VII. However, Plaintiff has failed to exhaust his administrative remedies with respect to all three claims (Counts Two, Four and Five). Even assuming Plaintiff has sufficiently alleged compliance with the EEOC (*see* infra), his claims fail on their merits.

**1.    Plaintiff Has Not Satisfied the Exhaustion Requirement**

"Before suing an employer for discrimination, the [EEOC] must try to remedy unlawful workplace practices through informal methods of conciliation." *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 482–83 (2015). Title VII "sets out a detailed, multi-step procedure through which the Commission enforces the statute's prohibition on employment discrimination." *Id*. at 483. Specifically, a Title VII complainant "must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice, or, if . . . the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008). "If the Commission finds no 'reasonable cause' to think that the allegation has merit, it dismisses the charge and notifies the parties." *Mach Mining*, 575 U.S. at 483. Along with the notice, the complainant receives a right-to-sue letter. *Surrell*, 518 F.3d at 1104. "Once a person receives an EEOC right-to-sue letter, she has 90 days to file suit." *Id*. (citing 42 U.S.C. § 2000e-5(f)(1)).

"[T]he jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (citing *Green v. Los Angeles Cty. Superintendent of Sch.*, 883 F.2d 1472, 1476 (9th Cir. 1989)). If plaintiff has filed a charge with the EEOC against the defendants, she "must allege the facts relevant to that charge, including: (1) the alleged violation(s); (2) when the charge was filed; and (3) who it was against. The charge itself should be attached as an exhibit if possible." *Whitsitt v. Hedy Holmes Staffing Servs.*, No. 2:13-CV-0117-MCE-AC, 2014 WL 5019667, at *5 (E.D. Cal. Oct. 7, 2014. A description of the charge to the EEOC and a copy of the right-to-sue notice are necessary to provide the Court with jurisdiction to hear Plaintiff's claims and to determine the scope of its review. *Leong v. Potter,* 347 F.3d 1117, 1122 (9th Cir. 2003).

"Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002). Only claims that are "reasonably related" to those raised in an EEOC charge and investigation, "as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations[,]" are within the district court's jurisdiction. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (citing *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)) (internal quotation marks omitted).

Here, Plaintiff has failed to exhaust his administration remedies regarding his claims under Title VII. Plaintiff attached a "right to sue" letter from the EEOC, dated February 4, 2021, for Charge No. 485-2020-00385, (the "Charge"). (Doc. 37 at 24). Plaintiff, however, did not include a copy of his complaint to the EEOC in the FAC. (*See* Doc. 37). Defendants have attached a copy of the Charge of Discrimination that Plaintiff filed with the EEOC on July 13, 2020, for the same charge.[4] (Doc. 49-1 at 4). On the form, Plaintiff states he has been

---

[4] Generally, a Court may not consider any material beyond the pleadings in a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A Court may, however, consider evidence "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). Plaintiff's FAC refers to the Charge, which

discriminated against based on his age. (*Id.*). He does not state he was discriminated on based on his gender or that he was otherwise retaliated against for protected conduct. (*Id.*). Plaintiff states he was discharged in December 2019 because of his age. (*Id.*). There are no facts suggesting Plaintiff has pursued the claims in this case (gender discrimination, hostile work environment and retaliation for any protected activity) with the EEOC. Neither are these claims "like or reasonably related to the allegations contained in the EEOC charge," and therefore, the Court is without jurisdiction to consider them. *Lyons*, 307 F.3d at 1104.

Because Plaintiff has not sufficiently alleged that he complied with the administrative exhaustion requirements under Title VII (*see Mach Mining*, 575 U.S. at 482–83), the Court recommends GRANTING Defendants' motion to dismiss with regard to Counts Two, Four and Five.

### 2. Plaintiff's Title VII Claims Fail on Their Merits

#### a. Gender Discrimination (Count Two)

To establish a prima facie case of discrimination under Title VII, a plaintiff must show that: "(1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003), as amended (Jan. 2, 2004). If two individuals do not engage in "problematic conduct of comparable seriousness," they are not similarly situated. *Id.* There are two methods to establish a claim under the disparate impact theory: (1) a plaintiff may offer either direct or circumstantial evidence that "a discriminatory reason more than likely motivated the employer" to make the challenged employment decision or (2) the

---

is central to his complaint. While Plaintiff contends this document is from the California Department of Fair Employment and Housing (*see* Doc. 54 at 8), this is not true because the document itself repeatedly identifies itself as an EEOC form. (*See* Doc. 49-1) (listing the document as an EEOC form). Therefore, the Court will consider the Charge as a part of this Rule 12(b)(6) motion.

employer's proffered explanation for the different treatment is "unworthy of credence." *Cornwell*, 349 F.3d at 641 (internal quotation marks and citations omitted).

Even if the Court considers the merits of Plaintiff's claim, he has failed to allege sufficient facts to establish a causal connection between his gender and any adverse employment action. First, Plaintiff again fails to allege his performance satisfied his employer's expectations (as the Court's order on his original complaint found). Instead, Plaintiff relies on the complaints lodged against him by female employees and an allegedly unfair response from Defendants to demonstrate he was treated unlawfully. (*See* Doc. 37 at 7-11) ("Plaintiff has walked many employees to their car. For a complaint to be valid it must be reasonable, this does not meet that requirement."); (*Id.* at 9) ("The rules that plaintiff was required to work under were discriminatory. No other employee had to work under these rules.") (*Id.* at 10) ("Again no one else in the company were disciplined nor fired over any of the discriminatory rules the Plaintiff had to work under."). These assertions, however, do not establish that Plaintiff was treated differently because of his gender. His remaining assertions, such as that "[w]hen a complaint against a man by a woman is made, a man is deemed guilty," are conclusory and too vague to satisfy *Iqbal* and *Twombly*. Plaintiff provides no facts related to these allegations of misconduct, like a time, place, date, or even the substance of these complaints.

Nor has Plaintiff identified a similarly situated employee outside of his protected class who was treated more favorably than he was treated. Plaintiff notes that Defendants provided three reasons for terminating his employment: (1) Plaintiff touched a patient on the shoulder, (2) Plaintiff made a political statement, and (3) Plaintiff touched someone on the shoulder. (Doc. 37 at 9). Plaintiff has not alleged any facts to suggest a female employee who engaged in this behavior was treated differently. At most, Plaintiff asserts that a female employee "demonstrated behavior that can be described as hostile," and Defendants failed to discipline her accordingly. Plaintiff does not elaborate on what comprised her "hostile" behavior. He also fails to otherwise explain how the two engaged in "problematic conduct of comparable seriousness. *Vasquez*, 349 F.3d at 641 (9th Cir. 2003). Unspecified, general accusations are insufficient to support a claim. *Austin v. University of Oregon*, 925 F.3d 1133, 1138 (9th. Cir. 2019) (dismissing a claim where

1  Plaintiff failed to state "nonconclusory allegations linking the disciplinary action to
2  discrimination on the basis of sex.").

3  With regard to a disparate impact theory of recovery, Plaintiff also asserts that
4  departments exclusively or primarily employing women were paid a benefit that departments
5  employing mostly men did not. (Doc. 37 at 7). However, Plaintiff has not alleged any facts to
6  suggest that "a discriminatory reason more likely motivated the employer" to make the
7  challenged employment decision or (2) the employer's proffered explanation for the different
8  treatment is "unworthy of credence." *Cornwell*, 349 F.3d at 641. Therefore, Plaintiff has failed
9  to plead sufficient facts to support a claim, and Count Two fails on its merits.

10 **b.   Hostile Work Environment (Count Four)**

11 To establish a prima facie case for a hostile work environment claim under Title VII,
12 Plaintiff must establish that: (1) the defendant subjected the plaintiff to verbal or physical conduct
13 based on his sex [or one of the other protected classes]; (2) the conduct was unwelcome; and (3)
14 the conduct was sufficiently severe or pervasive to alter the conditions of employment and
15 created an abusive working environment. *Surrell*, 518 F. 3d at 1108 (citing *Manatt v. Bank of*
16 *Am.*, NA, 339 F.3d 792, 798 (9th Cir. 2003)). "The working environment must both subjectively
17 and objectively be perceived as abusive." *Vasquez*, 349 F.3d at 642 (internal quotation marks and
18 citation omitted). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely
19 serious) will not amount to discriminator changes in the terms and conditions of employment."
20 *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks and citations
21 omitted).

22 Plaintiff does not allege that Defendants subjected him to verbal or physical conduct
23 because of his sex. Plaintiff alleges "[another employee] demonstrated a very abusive and hostile
24 attitude and behavior toward Plaintiff. Plaintiff complained to two supervisors about the hostile
25 statements several times. No action [was] taken that employee is aware of." (Doc. 37 at 13).
26 Plaintiff also alleges another employee "made [a] rude comment in [an] elevator," and three of his
27 coworkers "fabricated a completely false narrative" to engender his dismissal. (Doc. 37 at 13-15).
28 Plaintiff does not connect this conduct to his protected class, which alone makes his claim

insufficient. *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998) ("Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at discrimination based on sex."). Accordingly, Plaintiff has failed to plead sufficient facts to support his claim and Count Four fails on its merits.

### c. Retaliation (Count Five)

Title VII prohibits retaliatory employment actions against an employee because he has "opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing [pursuant to Title VII.]" 42 U.S.C. § 2000e–3. "To establish a claim of retaliation, a plaintiff must prove that (1) the plaintiff engaged in a protected activity, (2) the plaintiff suffered an adverse employment action, and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action." *Poland v. Chertoff*, 494 F.3d 1174, 1179–80 (9th Cir. 2007).

Plaintiff has also failed to allege sufficient facts to support a Title VII retaliation claim. Plaintiff alleged the following in his FAC:

1. Plaintiff was [a] witness to an event that included putting a housekeeper at risk.
2. Plaintiff reported this event and who was responsible to Harry (supervisor).
3. From that day til[] plaintiff was fired[,] he was subject to offensive verbal attacks from Kelly.
4. Plaintiff complained to both supervisors (Harry and Mark) throughout the ensuing years.
5. Aug 2019 plaintiff complained to HR (Connie)[.]
6. Kelly told at least one employee to spy on plaintiff during 2019.
7. Plaintiff [was] fired 12/10/19.

(Doc. 37 at 16).

Plaintiff must assert that he acted in a way to protect his Title VII rights, and he has not demonstrated how reporting "an event that included putting a housekeeper at risk," did so. *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004) ("Section 704 of Title VII prohibits retaliation against an employee *for opposing unlawful discrimination* . . . . To establish a prima facie case of retaliation under Title VII, [a Plaintiff] must show 1) *that he acted to protect his Title VII rights*; 2) that an adverse employment action was thereafter taken against him; and 3)

that a causal link existed between the two events.") (citing 42 U.S.C. § 2000e–3(a) (2003) (emphasis added)).  Even if Plaintiff was seeking to vindicate his Title VII rights by reporting the incident that occurred in either 2014 or 2015, such an incident would be too attenuated to support a causal connection between his actions and Defendants terminating his employment in 2019. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) ("A nearly 18–month lapse between protected activity and an adverse employment action is simply too long, by itself, to give rise to an inference of causation."); *Schiff v. City & Cnty. of S.F.*, 528 Fed.Appx. 743, 746 (9th Cir.2013) ("[F]ive years between the filing of [plaintiff's] lawsuit in 2003 and the alleged retaliation in 2008 undermined the required causal link between the protected activity and the adverse employment action.").  Accordingly, without additional allegations, Plaintiff fails to state a claim for Title VII retaliation.

**C.     Plaintiff Has Not Sufficiently Pleaded a Claim Under the ADEA (Count 3)**

The ADEA makes it unlawful for an employer:

> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
>
> (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with [the ADEA].

29 U.S.C. § 623(a).  To establish a prima facie case of age discrimination under the disparate treatment theory of the ADEA, a plaintiff must show he: "(1) was a member of the protected class (aged 40 or older); (2) was performing [her] job satisfactorily; (3) was discharged; and (4) was replaced by a substantially younger employee with equal or inferior qualifications or some other circumstances that would lead to an inference of age discrimination." *Brazill v. California Northstate College of Pharmacy, LLC*, 904 F. Supp. 2d 1047, 1052 (E.D. Cal. Oct. 24, 2012) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000); *Rose*, 902 F.2d at 1421).  A plaintiff may also state a claim under the ADEA by alleging he or she was demoted, instead of discharged.  *See Jones v. Lehigh Southwest Cement Co., Inc.*, No. 1:12-cv-0633 AWI JLT, 2013 WL 3006418, at *6 (E.D. Cal. June 14, 2013) (citing *O'Connor v. Counsol. Coin*

13

*Caterers Corp.*, 517 U.S. 308, 310 (1996)).

Plaintiff allege the following with respect to Count Three in the FAC:

1. Plaintiff [was] 62 in 2019[.]
2. Two replacement employees estimated to both be 10-15 years[] younger.
3. Plaintiff [was] not allowed to apply for promotion to Plant Operations Director, (62 at the time).
4. Person hired again 10-15 years younger.
5. Plaintiff highly qualified for both positions.
6. 2017 company visited by Vibra officer. Praised SJVRH for having high retention rate of employees. (14-15 replacement employees per year). Interviewed many employees asking why employees stayed. (plaintiff and 4 other employees in the same group).
7. SJVRH took away the many reasons employees had told Vibra officer why they stayed. It led to many employees leaving and being harassed by company management. 2019 replacing employees per month what traditionally took a year. Today none of the employees at the meeting the plaintiff attended (5 total) are employed by SJVRH.

(Doc. 37 at 11-12).

Plaintiff has failed to sufficiently plead a claim for age discrimination under the ADEA. As previously noted, Plaintiff has not alleged any facts related to his job performance, let alone that he performed his job satisfactorily. (*See generally* Doc. 37). Plaintiff has not identified any facts suggesting he was replaced by employees with equal or inferior qualifications. Plaintiff only alleges his replacements were 10-15 years younger, but later states he does not know the ages of the employees who replaced him. (Doc. 57 at 16). Regardless, accepting this fact as true, it alone cannot support an ADEA claim. For instance, "an age difference of less than ten years creates a rebuttable presumption that the age difference is insubstantial." *France v. Johnson*, 795 F.3d 1170, 1174 (9th Cir. 2015) (cleaned-up and citation omitted). Plaintiff also provides no facts suggesting Defendants replaced Plaintiff because of his age. Without additional facts, Plaintiff fails to state a claim under the ADEA.

**D.    The Court is Without Jurisdiction to Hear a Claim for Wrongful Termination (Count Six)**

To establish a prima facie case for wrongful termination in violation of public policy under California law, Plaintiff must show (1) the existence of an employer-employee relationship,

(2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff's harm. *Yau v. Allen*, 229 Cal. App. 4th 144, 154 (2014). To show that the termination was substantially motivated by a violation of public policy, the plaintiff must allege conduct that violated a public policy delineated in a constitutional or statutory provision. *Sequoia Ins. Co. v. Superior Court*, 13 Cal. App. 4th 1472, 1475 (1993) (holding that employer's conduct that is prohibited by a statutory or constitutional provision is a foundational requirement to establish wrongful termination in violation of public policy). Absent a viable federal claim, however, the Court is without jurisdiction to decide any state law claims arising from the conduct described in the FAC, such as an alleged wrongful termination in violation of public policy. *See* 28 U.S.C. § 1367. This is because federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). In the absence of a claim based on original jurisdiction, the Court is without jurisdiction over all other state law claims. *See* 28 U.S.C. § 1367(a). *See also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

**E.    Plaintiff's Perjury Claim is Not a Cognizable Civil Action (Count Seven)**

Plaintiff final complaint alleges the "directors violated state and federal laws against giving false testimony in court proceedings." (Doc. 37 at 19). It is not clear to what court proceedings Plaintiff is referring. Regardless, to the extent Plaintiff intends to bring claims under a criminal statute, such claims are also not cognizable. Plaintiff has provided no authority for a private right of action under any criminal statutes, and they generally do not confer such a right. *See, e.g.*, *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver*, *N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding specific federal criminal provisions "provide no basis for civil liability"). More specifically, perjury is not a cognizable civil claim in federal court. *See, e.g., Chapman v. Chronicle*, No. C 07–4775 SBA, 2009 WL 102821, at *4 (N.D. Cal. Jan.14, 2009) (unpublished) (granting

defendant's motion to dismiss a pro se plaintiff's civil claim for perjury on grounds that "perjury is not a cognizable civil claim").

**F.       Leave to Amend**

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Bly–Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001). Where the Court has already granted a plaintiff leave to amend a complaint, however, the Court's discretion to decide whether to allow additional opportunities to amend is "particularly broad." *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004); *accord Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012).

Leave to amend is not appropriate in this case. The Court previously provided Plaintiff the opportunity to amend his complaint with respect to the relevant claims (Counts Two through Five of the FAC). (*See* Doc. 36 at 13) ("Plaintiff has failed to allege on multiple claims how the conduct he suffered was connected to his protected status. In amending his complaint, Plaintiff should take note of these deficiencies."); (*Id.* at 15) ("It also appears Plaintiff can cure the deficiencies in his Title VII and ADEA claims against remaining Defendants, particularly with respect to exhaustion."). In general, a pro se litigant will be granted an opportunity to amend deficient pleadings ordinarily. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). However, the Court may dismiss a complaint without leave to amend where its deficiencies will not be cured by an amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013). Because Plaintiff has not cured the deficiencies previously identified in his complaint, leave to amend would be futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (concluding that amendment would be futile where plaintiffs filed an amended complaint with the same defects as the original complaint and also failed to state what additional facts they would plead if given leave to amend).

With respects to Counts One, Six, and Seven, an amendment would also be futile. Regarding Count One, Plaintiff admits "all three departments have different pay scales when they arrive after being called in as their duties are not the same." (Doc. 54 at 6). Based on this

admission, Plaintiff cannot allege demonstrate the jobs listed have a "common core of tasks," or that they are otherwise comparable under the EPA. *Freyd*, 990 F.3d at 1211. Accordingly, Count One cannot be cured by an amendment, and leave to amend would be futile. *Kendall*, 518 F.3d at 1051-52. Without a viable federal claim, the Court lacks jurisdiction to hear any claims under California state law (*see* 28 U.S.C. § 1367) and therefore, the deficiencies in Count Six cannot be cured by amendment either. Lastly, because perjury is not a cognizable civil claim in federal court, any amendment would be futile. Accordingly, the undersigned recommends the Court GRANT Defendants' Motion to Dismiss (Doc. 49) in its entirety without granting Plaintiff leave to amend his complaint.

## V. CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss (Doc. 49) be GRANTED without leave to amend. These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 8, 2024**                         /s/ *Sheila K. Oberto*
                                                                     UNITED STATES MAGISTRATE JUDGE

17