**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL D. GILES,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JOAQUIN VALLEY REHABILITATION HOSPITAL, et al.,<br><br>    Defendants. | Case No.: 1:21-cv-0732 JLT SKO<br><br>ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, GRANTING IN PART DEFENDANTS' MOTION TO DISMISS, DISMISSING THE FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 49, 60) |

Michael Giles asserts he was unlawfully terminated from his employment at San Joaquin Valley Rehabilitation Hospital. He seeks to hold the defendants—including the hospital and its parent company, Vibra Healthcare—liable for violations of the Equal Pay Act and Age Discrimination in Employment Act; discrimination, retaliation, and hostile workplace in violation of Title VII; wrongful termination; and perjury. (Doc. 37.) Defendants move to dismiss the amended complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting Plaintiff failed to exhaust his administrative remedies for several causes of action and he does not "state a claim upon which relief can be granted against Defendants." (*See* Doc. 49 at 2.)

For the reasons set forth below, Defendants' motion to dismiss is **GRANTED** in part—the claims for which the Court lacks jurisdiction are dismissed without prejudice—and Plaintiff's request for leave to amend is **DENIED**.

## I. Findings and Recommendations

Plaintiff identifies the following seven "counts" in his FAC: (1) violation of the Equal Pay Act, (2) gender discrimination, (3) age discrimination, (4) hostile workplace, (5) retaliation, (6) wrongful termination, and (7) "violations of laws governing truthful testimony in Court proceedings, (Perjury) resulting in an intentional tort claim." (Doc. 37 at 7-17; *id.* at 3.) As an initial matter, the magistrate judge found that Plaintiff included several causes of action in his amended complaint that were not included in his initial complaint, including his claims for violations of the Equal Pay Act, wrongful termination, and perjury. (Doc. 60 at 4.) The magistrate judge noted that in addressing Plaintiff's initial complaint, the Court granted him leave to amend "with respect to the Title VII and ADEA claims against SJVRH and Vibra." (*Id.*, citing Doc. 36 at 5.) The magistrate judge found that "[b]y filing new claims (violations of the Equal Pay Act [Count One], Wrongful Termination in Violation of Public Policy [Count Six], and Perjury [Count Seven]), Plaintiff went beyond the limits of the Court's order." (*Id.* at 4-5.) Nevertheless, the magistrate judge addressed each of the claims raised in the FAC. (*Id.* at 5-17.)

### A. Title VII claims

The magistrate judge noted that "Plaintiff attached a 'right to sue' letter from the EEOC, dated February 4, 2021 for Charge No. 485-2020-00385," but Plaintiff "did not include a copy of his complaint to the EEOC in the FAC." (Doc. 60 at 8.) The magistrate judge noted Defendants "attached a copy of the Charge of Discrimination that Plaintiff filed with the EEOC on July 13, 2020, for the same charge," and found it was proper to consider the document because it was incorporated by reference in the FAC. (*Id.*; *see also id.* at 8, n.4.) The magistrate judge observed that on the charge form, Plaintiff stated he was "discriminated against based on his age," and did "not state he was discriminated [against] based on his gender or that he was otherwise retaliated against for protected conduct." (*Id.* at 8-9.) The magistrate judge found "no facts suggesting Plaintiff has pursued the claims in this case (gender discrimination, hostile work environment and retaliation for any protected activity) with the EEOC." (*Id.* at 9.) The magistrate judge determined that "the Court is without jurisdiction" to consider these claims because Plaintiff failed to comply with the exhaustion requirements under Title VII and recommended the motion to dismiss be granted for the

age discrimination, hostile workplace, and retaliation claims. (*Id.* at 9.)

The magistrate judge found Plaintiff failed to allege facts sufficient to support his claims for discrimination and a hostile workplace under Title VII. (Doc. 60 at 9-12.) The magistrate judge noted that Plaintiff "failed to allege sufficient facts to establish a causal connection between his gender and any adverse employment action." (*Id.* at 10.) The magistrate judge found also that Plaintiff did not "allege his performance satisfied his employer's expectations (as the Court's order on his original complaint found)." (*Id.*) The magistrate judge found there were no allegations to support a conclusion that "Plaintiff was treated differently because of his gender," because there were no facts "to suggest a female employee who engaged in [similar] behavior was treated differently." (*Id.*) As a result, the magistrate judge found Plaintiff "failed to plead sufficient facts to support a claim, and Count Two fails on its merits." (*Id.* at 11.) The magistrate judge also found "Plaintiff does not allege that Defendants subjected him to verbal or physical conduct because of his sex," and as a result Plaintiff "failed to plead sufficient facts to support his claims and Count Four fails on its merits." (*Id.* at 11-12.)

Furthermore, the magistrate judge found Plaintiff's claim for retaliation was not sufficiently plead because Plaintiff failed to identify a protected action based upon his report of an event "put[] a housekeeper at risk." (Doc. 60 at 12-13.) Even assuming the identified activity was protected under Title VII, the magistrate judge noted Plaintiff alleged it "occurred in either 2014 or 2015," and found the report was "too attenuated to support a causal connection between his actions and Defendants terminating his employment in 2019." (*Id.* at 13.) Thus, the magistrate judge found "Plaintiff fails to state a claim for Title VII retaliation." (*Id.*)

B.     **Equal Pay Act claim**

The magistrate judge observed that to state a claim under the Equal Pay Act, "Plaintiff must show the jobs being compared are 'substantially equal,' but not necessarily that they are identical." (Doc. 60 at 5.) The magistrate judge observed that Plaintiff alleged "employees in other departments, such as admitting, nursing, and 'liaisons,' received on-call pay, while he did not." (*Id.*) However, the magistrate judge noted Plaintiff also acknowledged in his opposition that "[a]ll three departments have different pay scales when they arrive after being called in as their duties are not the same." (*Id.*

at 6, quoting Doc. 54 at 6.)  The magistrate judge found that "Plaintiff's admissions undermine his contention that his position was 'substantially equal' to these other jobs." (*Id.*)  The magistrate judge also noted Plaintiff "admits that Defendants paid men and women in those departments equally." (*Id.*)  Therefore, the magistrate judge concluded Plaintiff did not allege a claim under the EPA.

### C. ADEA claim

The magistrate judge found Plaintiff failed to sufficiently plead a claim.  (Doc. 60 at 14.)  The magistrate judge again noted Plaintiff did "not allege[] any facts related to his job performance, let alone that he performed his job satisfactorily." (*Id.*)  He also did not allege any facts supporting a conclusion that "he was replaced by employees with equal or inferior qualifications." (*Id.*)  The magistrate judge observed that even assuming Plaintiff's "replacements were 10-15 years younger," this fact alone "cannot support an ADEA claim." (*Id.*)

### D. Perjury

Although Plaintiff alleged Defendants were liable for the "intentional tort" of perjury, the magistrate judge found such a "claim is not a cognizable civil action." (Doc. 60 at 15, emphasis omitted.)  The magistrate judge observed that "to the extent Plaintiff intends to bring claims under a criminal statute, such claims are … not cognizable." (*Id.*)  Because "perjury is not a cognizable civil claim in federal court," the magistrate judge recommended dismissal of Count Seven.  (*Id.* at 15-16.)

### E. Supplemental jurisdiction

Plaintiff included a claim for "wrongful termination" in the FAC.  (Doc. 60 at 14-15.)  To the extent Plaintiff sought to state a claim for wrongful termination in violation of public policy under California law, the magistrate judge found "the Court is without jurisdiction to decide any state law claims arising from the conduct described in the FAC," because the federal causes of action were not cognizable.  (*Id.* at 15.)

### F. Leave to amend

The magistrate judge determined that "[l]eave to amend is not appropriate in this case," because the Court previously granted Plaintiff leave to amend with respect to his Title VII and ADEA claims, and Plaintiff failed to cure the pleading deficiencies.  (Doc. 60 at 16.)  The magistrate judge also found amendment was futile as to the claims for violations of the Equal Pay Act, wrongful

4

termination, and perjury.  (*Id.* at 16-17.)  Therefore, the magistrate judge recommended the Court grant the motion to dismiss "without granting Plaintiff leave to amend his complaint." (*Id.* at 17.)

## II.      Objections

Plaintiff filed objections to the Findings and Recommendations, asserting the magistrate judge made several "[e]rrors and omissions." (Doc. 61 at 2.)  For example, Plaintiff contends the magistrate judge erred in stating "an HR employee suspended [his] employment," as the suspension was by an "HR Director not employee." (*Id.*) Plaintiff also asserts that he "was suspended for a statement made to Tasha. Nothing more." (*Id.*) Thus, he disputes the magistrate judge's statement that "Plaintiff later learned there had been complaints from other employees that Plaintiff had touched their shoulders or made them uncomfortable while they walked to their cars." (Doc. 60 at 2, citing Doc. 37 at 9.) Plaintiff suggests the magistrate judge should not have identified the reasons given by Defendants for his termination because "Document 37 is the plaintiffs (sic) document not the defense." (*Id.*) Furthermore, Plaintiff argues there was "more" to the reasons identified for his dismissal, stating:

> 1) Plaintiff touched the shoulder of a patient, introduced himself, asked about the patient's room, told patient if any problems arise to ask for plaintiff and stated the [sic] he "hoped her stay would be short and pleasant" (In what world is this a reason to fire a employee of 14 years?)
>
> 2) This was about a school shooting that was being discussed throughout the hospital that day. This is how the plaintiff found about the shooting. Plaintiff was the only employee that was disciplined for this.
>
> 3) Plaintiff touched a person on the shoulder at the front desk and wished them a happy Thanksgiving and merry Christmas. Again how is this a reason to fire any employee? (Remember this was before COVID.)

(*Id.*)  He maintains there was "no valid reason to fire [him]." (*Id.* at 13.)  Thus, Plaintiff appears to argue the reasons identified by Defendants for his termination were pretext. (*See id.* at 9, 13.)

According to Plaintiff, the magistrate judge erred in stating that "Plaintiff did not allege Counts One, Six, or Seven" in his original complaint. (Doc. 61 at 5, quoting Doc. 60 at 4.)  However, he does not identify what he believes was incorrect in this statement. (*See id.*) He contends the magistrate judge exhibited "confusion about EEOC and []California Department of Fair Employment and Housing" in finding that he did not satisfy the exhaustion requirement. (Doc. 61 at 7, citing Doc. 60 at 7.)  Plaintiff argues the defendants' counsel acted "to confuse the court" by filing the identified

5

document (*id.*), because "the defendants (sic) document is from California Department of Fair [Employment] and Housing not EEOC." (*Id.* at 8, emphasis omitted.) Plaintiff asserts that "[t]he EEOC did not send a complaint form because the plaintiff never got that far in the process," he "never got to talk to an investigator," and he "did not get to outline completely the case." (*Id.*) Plaintiff contends that he "file[d] a start of a complaint to see if EEOC would take the case, was told the EEOC was interested in taking the case, then received the right to sue." (*Id.* at 9.) Consequently, Plaintiff objects to the finding he failed to exhaust his administrative remedies. (*Id.* at 8-9.)

Plaintiff maintains there is "no doubt that [D]efendants failed to follow the Equal Pay Act." (Doc. 61 at 5.) He contends the Equal Pay Act does not "allow for different pay because an employee works in a different department." (*Id.*) Plaintiff asserts, "If as the magistrate states that a company can divide itself by departments the EPA has no protection for employees. This is not what the congress had in mind when the law was passed[.] All employees in the company doing the same or similar job must be paid the same." (*Id.*, emphasis omitted.) He contends that contrary to what the magistrate judge stated, he "never claimed that duties are the same when 'on the clock' for the various departments identified," but rather that "benefits paid under EPA[] must be paid equally to employees doing the same or similar tasks," and "there is no difference for being on call between the departments." (*Id.*, emphasis omitted.)

According to Plaintiff, there also is "no doubt" Defendants violated Title VII. (Doc. 61 at 5.). He argues the magistrate judge erred in stating that Title VII is "directed only at discrimination based on sex." (*Id.* at 11, quoting Doc. 60 at 12.) He contends, "By this statement an employer can retaliate against an employee and make their employment unbearable." (*Id.*) In addition, he asserts the magistrate judge erred in finding he did not state a claim for retaliation under Title VII. (*Id.*) He alleges that he reported the director, Kelly Rudolph, for an "OSHA violation" that put a housekeeper at risk, after which Plaintiff suffered "abusive statements from Kelly" that he reported to supervisors. (*Id.* at 11.) Plaintiff asserts that he suffered retaliation "throughout the remainder of his employment," including a "rude" statement Kelly made in an elevator. (*Id.* at 12; *see also* Doc. 37 at 13.) He now alleges that "4 months after reporting Kelly to HR [he] was fired." (*Id.*)

Plaintiff maintains that he suffered "[a]ge discrimination," and that "throughout 2018 and

6

2019 the company was forcing older employees out." (Doc. 61 at 12.) He estimates that "14-15 employees left in 2017," and "10-20 employees left [in] a month" during 2019. (*Id.*) In response to the magistrate judge's observation that Plaintiff did not allege any facts regarding his job performance, Plaintiff states that he "is highly skilled and competent," and he did not "receive an unsatisfactory evaluation" during his employment. (*Id*, citing Doc. 60 at 14.) Thus, Plaintiff argues there was "no reasonable reason for the defendants to fire [him]." (*Id.* at 13.) He asserts Defendants "hired two employees to replace [him] and still had to contract out for the tasks the replacement employees could not do." (*Id.*) He estimates the replacements are 10-15 years younger than him, and their "actual age[s] would be determined" during discovery. (*Id.* at 13.) Thus, Plaintiff argues that he stated a prima facie case under the ADEA. (*Id.*)

Plaintiff also asserts that the magistrate judge erred in finding he was pursuing a criminal claim for perjury, stating "[t]he claim is for the tort for the conspiracy to lie in court." (Doc. 61 at 14.) In support of Plaintiff's assertion that there is a tort for such, he quotes "wiki and law firms posting online" regarding general torts, negligence, intentional torts, vicarious liability, strict liability, and the legal remedies for tort claims. (*Id.* at 14-17.) Finally, Plaintiff argues that he should receive leave to amend. (Doc. 61 at 17.) He maintains, "[t]here is no doubt that certain portions of this case have merit and really have no legal defense." (*Id.*)

### III. Discussion and Analysis

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A de novo review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

#### A. Scope of leave to amend

In the initial complaint, Plaintiff asserted that he sought to hold the defendants liable for "wrongful termination, gender discrimination, age discrimination, retaliation, and conspiracy." (Doc. 1 at 1, emphasis omitted.) In the introductory paragraph, Plaintiff indicated that he "brings this action pursuant to Title VII of the Civil Rights Act of 1965, as amended, 42 USC 2000e and 42 U.S.C.[]

1981a, the Age Discrimination in Employment Act, 29 USC 621, and the Equal Pay Act 1967." (*Id.* at 2.) However, Plaintiff identified the following claims (or "counts") in the complaint: (1) gender discrimination in violation of Title VII, (2) age discrimination in violation of the ADEA, (3) retaliation in violation of Title VII, (4) conspiracy to deprive Plaintiff of gainful employment, and (5) hostile and abusive workplace environment resulting in termination. (*Id.* at 10-12; *see also id.* at 5-10.) Addressing Defendants' motion to dismiss the complaint, the Court found Plaintiff did not assert a cause of action under the Equal Pay Act, and consequently declined to address the defendants' liability under the Equal Pay Act. (Doc. 36 at 1, n.1.) Evaluating the sufficiency of the complaint related to the claims alleged—namely, violations of Title VII, the ADEA, and conspiracy—the Court found Plaintiff failed to allege facts sufficient to support his claims. (*Id.* at 5-14.) The Court found it had "insufficient information to conclude that amendment would be futile as to Plaintiff's conspiracy claim." (*Id.* at 15.) In addition, the Court found it appeared that "Plaintiff can cure the deficiencies in his Title VII and ADEA claims against remaining Defendants, particularly with respect to exhaustion." (*Id.*) The Court ordered: "to this extent **only**, Plaintiff will be given an opportunity to file an amended complaint that cures the stated defects." (*Id.* at 15.)

Addressing the claims plead in the FAC, the magistrate judge found Plaintiff exceeded the scope of the leave to amend granted with Counts One, Six, and Seven in the FAC: violation of the Equal Pay Act, wrongful termination, and "[v]iolation of laws governing truthful testimony in Court proceedings, (Perjury) resulting in an intentional tort claim." (Doc. 60 at 4-5.) The magistrate judge determined these claims were not alleged in the original complaint. (*Id.*) The Court agrees the causes of action for violations of the Equal Pay Act (Count One) and wrongful termination (Count Six) were not alleged in the initial complaint. However, in the initial complaint, Count Four related to "conspiracy to deprive Plaintiff of gainful employment," and Plaintiff explained that alleged "illegal statements made under oath … leads to the conspiracy complaint." (Doc. 37 at 10.) Liberally construing the allegations, the claim for conspiracy to commit "perjury" was arguably raised in the initial complaint, for which Plaintiff received leave to amend.

Significantly, "[w]hen the language of an order clearly states that a plaintiff may only amend to address certain deficiencies identified in the order, courts have held that a plaintiff is barred from

adding new claims or parties." *Jameson Beach Prop. Owners Assoc. v. United States*, 2014 WL 4925253, at *4 (E.D. Cal. Sept. 29, 2014); *see also Espino v. Walgreen Co.,* 2016 WL 931098, at *3 (E.D. Cal. Mar. 11, 2016) (an order that allowed the plaintiff to "cure the deficiencies identified" in by the Court did "not include leave to add new claims and defendants"); *DeLeon v. Wells Fargo Bank, N.A.,* 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) (when "leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleadings should be dismissed or stricken"); *Benton v. Baker Hughes,* 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013) ("The addition of [the plaintiff's] new claims … exceeds the scope of the leave to amend granted, and it is appropriate to strike the newly added claims on this basis"). Because the Court limited the scope of its leave to amend—and Plaintiff did not receive leave to plead additional causes of action in the FAC—the Court adopts the recommendation of the magistrate judge and Counts One and Six are dismissed. However, the Court declines to dismiss Count Seven on these grounds.

### B.     Equal Pay Act

Even if the Court granted Plaintiff leave to state a claim under the Equal Pay Act, the allegations in the FAC do not support such a claim. The Equal Pay Act prohibits discrimination in employment "on the basis of sex" by paying disparate wages "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d). "In an Equal Pay Act case, the plaintiff has the burden of establishing a prima facie case of discrimination by [alleging] that employees of the opposite sex were paid different wages for equal work." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1073-74 (9th Cir. 1999). "The question of whether two jobs are substantially equal is one that must be decided on a case-by-case basis." *Hein v. Or. Coll. of Educ.*, 718 F.2d 910, 913 (9th Cir. 1983).

Plaintiff's allegations fall short of identifying "equal jobs" for which men received disparate wages. As the magistrate judge observed, "Plaintiff's primary assertion is that employees in other departments, such as inpatient admitting, nursing, and 'liaisons,' received on-call pay, while he did not." (Doc. 60 at 5, citing Doc. 37 at 5-7.) Plaintiff maintains that because he was required to be "on call" *without* pay, and others—such as nurses and admitting staff— were also "on call" *with* pay,

Defendants are liable for a violation of the Equal Pay Act.  (Doc. 61 at 5; Doc. 37 at 5-7.)  However, a requirement for employees to be "on call" for work does not establish a "common core of tasks" for the identified positions as required under the Act.  *See Freyd v. University of Oregon*, 990 F.3d 1211, 1219 (9th Cir. 2021).  To the contrary, Plaintiff acknowledges "[t]here is a difference in duties once an employee arrives for duty after being called in" between his work as a maintenance engineer and the tasks performed by nurses, admitting staff, and hospital liaisons.  (Doc. 54 at 6.)  While the jobs need not be identical, the tasks performed by the employees must be substantially equal.  *Stanley*, 178 F.3d at 1074.  This is not the case here.  Moreover, Plaintiff does not dispute that "Defendants paid men and women in those departments equally."  (*See* Doc. 60 at 6.)  Accordingly, the Court is unable to Plaintiff identified "equal work" for which he was paid less than women by Defendants.  The findings of the magistrate judge are adopted, and Plaintiff's claim for a violation of the Equal Pay Act is also dismissed for failure to state a claim.

### C. Title VII claims

To bring a Title VII claim in district court, a plaintiff must first exhaust his administrative remedies by filing a charge with the EEOC or an appropriate state agency. 42 U.S.C. § 2000e-16(c); *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995) (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 832 (1976)).  "[T]he jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) (citation omitted).

#### 1. Charge filed with the EEOC

As an exhibit to the FAC, Plaintiff filed the EEOC "Dismissal and Notice of Rights" for EEOC Charge No. 485-2020-00385.  (Doc. 37 at 24.) Plaintiff did not file his actual charge with the FAC, and Defendants filed the "Charge of Discrimination" as an exhibit to the motion to dismiss. (Doc. 49-1 at 4.)  As discussed above, Plaintiff objects to this document, asserting it was completed for the California Department of Fair Employment & Housing, not the EEOC, and should not be considered by the Court. (Doc. 61 at 7-8.)  Plaintiff's arguments are unavailing.

Plaintiff does not dispute the *authenticity* of the document, but claims it was for the state agency only.  The "Charge of Discrimination" identifies the Agency Charge No. as 485-2020-00385,

which is clearly the same number as the EEOC Charge No. on the notice of right to sue filed by Plaintiff. (*Compare* Doc. 37 at 24 *with* Doc. 49-1 at 4.)  The form completed contains the heading of "EEOC Form 5," and Plaintiff checked a box indicating the charge was presented to the EEOC. (Doc. 49-1 at 4.)  Plaintiff indicated: "I want this charge filed *with both the EEOC and the State* or local Agency, if any." (*Id.*, emphasis added.)  The California Department of Fair Employment & Housing was identified as the "State or local Agency" on the form, with the "EEOC" as an agency to be presented with the claim.  (*Id.*)  Because Plaintiff refers to the "right to sue" letter for Charge No. 485-2020-00385 in the FAC to support a conclusion that he exhausted administrative remedies—as required in the Court's prior order directing him to cure jurisdictional deficiencies—the Court may consider the Charge and its allegations with the motion to dismiss, both as a document incorporated by reference and subject to judicial notice.  *See, e.g., Gallo v. Bd. of Regents of Univ. of Ca.,* 916 F. Supp. 1005, 1007 (S.D. Cal. 1995) (holding that an "EEOC charge, either as referenced in the complaint or as public records subject to judicial notice" can be considered in a motion to dismiss); *see also Griggs v. Sacramento City Unified Sch. Dist.*, 2021 WL 1614405, at *1 (E.D. Cal. Apr. 23, 2021) (considering EEOC charges and right-to-sue letters with a motion to dismiss, as the documents are subject to judicial notice).

On the EEOC Charge, Plaintiff was directed to "check [the] appropriate box(es)" identifying the basis for his discrimination complaint, with options including: race, color, sex, religion, national origin, retaliation, age, disability, and genetic information.  (Doc. 49-1 at 4.)  Plaintiff marked only the box for "age" discrimination.  (*Id.*)  The following section on the Charge directed Plaintiff to identify the "particulars," and Plaintiff stated:

> I. On or about March 2006, I was hired as a Maintenance Assistant and was subsequently promoted to Maintenance Engineer. My last supervisor was Mark Rakis, Plant Operations Supervisor. On or about December 10, 2019, I was discharged by Maryjo Jacobson, CEO. I and others in my protected age group have been disciplined and/or discharged and replaced by much younger workers.
>
> II. I was told that conduct was the reason for the discharge. No other reasons were given.
>
> III. I believe I was disciplined and discharged because of my age, 61, in violation of the Age Discrimination in Employment Act of 1967, as amended.

> IV.  I believe others have been disciplined and discharged because of their age in violation of the Age Discrimination in Employment Act of 1967, as amended.

(*Id.*)  Plaintiff also indicated that the discrimination occurred on December 10, 2019.  (*Id.*)  Plaintiff did not mark the box to indicate the discrimination was a "continuing action."  (*Id.*)  Thus, despite Plaintiff's assertion that he did not get to "outline" his claim with the EEOC because he did not speak to an investigator, Plaintiff provided details for the EEOC regarding his discrimination claim both by marking the relevant boxes and in the narrative portion of the charge form.  Plaintiff signed the document under penalty of perjury on July 13, 2020.  (*Id.*)

### 2. Claims not presented in, or related to, the charge

A court has jurisdiction over claims that are "reasonably related to the allegations of the EEOC charge."  *Oubichon v. N. Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973).  Put another way, if claims are *not* related to the allegations of an EEOC charge—or cannot "reasonably be expected to grow out of the charge of discrimination"— the Court lacks jurisdiction.  *Farmer Bros. Co.*, 31 F.3d at 899.  For example, where a plaintiff "filed an EEOC complaint alleging sex and national origin discrimination" and then attempted to hold the defendant liable for race, color, and religious discrimination under Title VII in the federal court, the court lacked jurisdiction over the race, color, and religious discrimination claims because they were not raised before the EEOC.  *Shah v. Mt. Zion Hospital & Medical Ctr.*, 642 F.2d 268, 271 (9th Cir. 1981).

As discussed above, where asked to identify the basis of his complaint on the EEOC charge, Plaintiff checked only the box for age discrimination. (Doc. 49-1 at 4.)  The narrative portion of the charge where Plaintiff was directed to discuss the "particulars" of the discrimination suffered, he includes information related only to age discrimination.  (*Id.*)  Plaintiff did not mark the boxes for sex discrimination or retaliation and did not indicate that he suffered "continuing" violations such as the Court may find he suggested a hostile work environment prior to his termination.  (*Id.*)  There is nothing to suggest these claims could be "expected to grow out of the charge of [age] discrimination."  *See Farmer Bros. Co.*, 31 F.3d at 899.  As a result, the Court adopts the finding that Plaintiff's Title VII claims for gender discrimination, hostile work environment and retaliation for any protected activity are beyond the scope of his EEOC charge, and the Court lacks jurisdiction

over the claims. *See Shah*, 642 F.2d at 271; *see also Griggs*, 2021 WL 1614405, at *5 (dismissing a Title VII sexual discrimination claim for lack of jurisdiction where a plaintiff "did not check the box for sex discrimination" and the allegations on the EEOC charge did not include sex discrimination allegations, but only mentioned race discrimination). Thus, Counts Two, Four, and Five (for gender discrimination, hostile work environment, and retaliation) are dismissed for lack of jurisdiction.[1, 2]

### D. Age discrimination under the ADEA

"The ADEA prohibits an employer from, among other things, 'discharging' an employee who is over forty years of age 'because of' the employee's age." *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (quoting 29 U.S.C. §§ 623(a)(1), 631(a)). Evaluating claims under the ADEA, courts apply a burden shifting test, under which the plaintiff first has the burden to allege a prima facie case, "which raises a presumption of discrimination." *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1145 (9th Cir. 2017). To establish a prima facie case, a plaintiff must allege facts "demonstrating that he was (1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (internal quotation marks, citation omitted.)

As the magistrate judge found, the FAC lacks any allegations supporting a conclusion that Plaintiff performed his job satisfactorily. At most, Plaintiff alleges that he was "highly qualified" for an operations director position that he was "not allowed to apply for," during the same year he was terminated. (*See* Doc. 37 at 12.) However, Plaintiff does not allege what made him qualified for the position. (*Id.*) Plaintiff did not allege in the FAC that he consistently received good—or even satisfactory—performance reviews from supervisors, or that he never received a warning related to

---

[1] Given the lack of jurisdiction, the Court declines to address the additional findings of the magistrate judge related to the sufficiency of the pleadings for these causes of action. Nevertheless, the Court finds Plaintiff's objections do not meaningfully respond to the findings of the magistrate judge related to the elements of the claims. Plaintiff fails to show the magistrate judge erred by finding he did not state cognizable claims for gender discrimination, hostile work environment, and retaliation in the FAC.

[2] Although Plaintiff raised new allegations in his objections, particularly with regard to his claim for retaliation, the Court lacks jurisdiction to consider the claims.

conduct or other disciplinary proceedings. *Compare with Brazill v. Cal. Northstage College of Pharm, LLC,* 904 F. Supp. 2d 1047, 1053 (E.D. Cal. 2012) (finding the plaintiff "plausibly alleged that he was performing his job satisfactorily" when the plaintiff alleged he received an "outstanding" performance review and received a performance-based raise prior to his termination) *and Brown v. FPI Mgmt., Inc.,* 2012 WL 629182, at *1, 4 (N.D. Cal. Feb. 27, 2012) (finding the plaintiff plausibly alleged her job performance was satisfactory where she received positive performance reviews throughout her employment and was "asked to train new hires, new manages, and employees"). Indeed, the Court previously identified this same pleading deficiency in addressing the initial complaint, noting Plaintiff did not allege "he was performing his job in a satisfactory manner." (Doc. 49 at 14.) Despite this, Plaintiff failed to provide additional allegations in his FAC. Without such allegations, Plaintiff fails to allege he performed his job satisfactorily. As a result, Plaintiff failed to state a cognizable claim under the ADEA, and the findings of the magistrate judge are adopted.

### E. Conspiracy to commit perjury

Plaintiff seeks to hold Defendants liable for the "intentional tort" of perjury, asserting employees of Defendants conspired to make false statements in testimony before the Court. (Doc. 37 at 3, 17-18; Doc. 61 at 14.) Significantly, "[c]onspiracy does not stand alone as an independent tort but instead must be 'activated by the commission or an actual civil wrong.'" *Nader & Sons, LLC v. Namvar,* 2024 WL 3023184, at *3 (9th Cir. June 17, 2024) (quoting *Monastra v. Konica Bus. Machs., U.S.A.*, 43 Cal. App. 4th 1628, 1645 (1996)); *see also Alimena v. Virecrest Fin. Inc.*, 964 F. Supp. 2d 1200, 1216 (E.D. Cal. 2013) ("Civil conspiracy is not an independent tort"). To plead a civil conspiracy, a plaintiff must plead an independent tort upon which to base the claim. *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1228 (9th Cir. 1997). Plaintiff seeks to rest his conspiracy claim upon perjury by Defendants' employees. (Doc. 37 at 3.) However, perjury is not itself an actionable tort. *See Pollock v. Univ. of S. Cal.*, 112 Cal. App. 4th 1416, 1429 (2003); *Temple Community Hosp. v. Superior Court*, 20 Cal. 4th 464, 472 (1999). Consequently, the finding of the magistrate judge that Plaintiff's claim is not a cognizable civil action is adopted.

///

**F. Supplemental jurisdiction**

Plaintiff's sole remaining claim in the FAC is for wrongful termination. (Doc. 37 at 16.). Plaintiff does not predicate this claim upon any federal law (*id.*), and appears to rest his claim upon state law, which provides a tort for wrongful termination in violation of public policy. *See Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167(1980); *City of Moorpark v. Superior Court,* 18 Cal. 4th 1143, 1159 (1998). Plaintiff does not argue the magistrate judge erred in finding this claim for wrongful termination lies with California law. (*See generally* Doc. 61.)

Importantly, as discussed above, all claims arising under federal law are subject to dismissal. For this reason, this Court declines to exercise supplemental jurisdiction over the wrongful termination claim. *See* 28 U.S.C. § 1368(c) (the court may decline supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction"); *McKinney v. Carey*, 311 F.3d 1198, 1201 n.2 (9th Cir. 2002) (holding the district court appropriately declined to exercise supplemental jurisdiction over state claims where the federal claims were dismissed).

**G. Leave to amend**

In the objections, Plaintiff contends he should be granted leave to amend. (Doc. 61 at 17.) Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (alterations, internal quotation marks omitted). "When the plaintiff previously amended the complaint, the district court's discretion to deny leave to amend is particularly broad." *Sabatini v. Cal. Bd. of Registered Nursing*, 849 Fed. Appx 634, 637 (9th Cir. 2021). The "court acts within its discretion to deny leave to amend when amendment would be futile." *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (quoting *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000)).

As discussed above, Plaintiff's Title VII claims for gender discrimination, hostile work environment, and retaliation are dismissed for failure to exhaust his administrative remedies. For these claims, amendment is futile. *See Clay v. Pac. Bell Tel. Co.*, 639 Fed. App'x 420, 421-422 (9th Cir. 2016) (finding a district court did not abuse its discretion in denying leave to amend a Title VII

claim where the plaintiff failed to exhaust his administrative remedies, "because amendment would be futile"). Leave to amend the Equal Pay Act claim is also futile given Plaintiff's failure to identify positions with "equal work" for which men are paid less than women by Defendants, and his admission that men and women who do perform equal tasks, such as nurses, are paid the same. Further, the Court finds further leave to amend the ADEA age discrimination claim is futile, given Plaintiff's failure to cure the same pleading deficiencies identified by the Court in its review of the allegations in his initial complaint. *See, e,g., Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1008 (9th Cir. 2009) (a "repeated failure to cure deficiencies" constitutes "a strong indication that the [plaintiff] has no additional facts to plead" and "that any attempt to amend would be futile"). Finally, amendment of the conspiracy to commit perjury claim is futile because such a cause of action is not a cognizable civil claim. *See Alimena*, 964 F. Supp. 2d at 1216. Accordingly, the Court exercises its discretion to deny Plaintiff's request for further leave amend.

### IV.    Conclusion and Order

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings of the magistrate judge, as discussed above, are supported by the record and proper analysis. Importantly, however, Defendants moved to dismiss all claims *with* prejudice, and the magistrate judge recommended that Defendants' motion to dismiss be granted "in its entirety." (Doc. 60 at 17)

Plaintiff's failure to exhaust his administrative remedies for the claims under Title VII deprives the Court of jurisdiction over the claims. The Court declines to speculate as to whether the EEOC would permit a belated amendment to the charge, and dismissal for the Title VII claims should be without prejudice. *See Henderson v. Sony Pictures Entm't Inc.*, 288 Fed. App'x 387, 389 (9th Cir. 2008) (finding "[t]he district court properly dismissed without prejudice" the plaintiff's Title VII claims "because he had not exhausted his administrative remedies"). Likewise, because the Court declines to exercise supplemental jurisdiction over Plaintiff's wrongful termination claim, dismissal of the claim must be without prejudice to filing in the state court. *See Funkhouser v. Wells Fargo Bank, N.A.*, 289 F.3d 1127, 1141 (9th Cir. 2002) (indicating that where a court declines supplemental jurisdiction under 28 U.S.C. § 1367(c), dismissal should be without prejudice). Thus, the Court

declines the recommendation to dismiss these causes of action with prejudice, and instead dismisses the Title VII and wrongful termination claims *without* prejudice. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated July 9, 2024 (Doc. 60) are **ADOPTED** in part.
2. Defendants' motion to dismiss (Doc. 60) is **GRANTED** in part.
3. Plaintiff's claims for violations of Title VII—including gender discrimination, hostile workplace, and retaliation—and wrongful termination in violation of public policy are **DISMISSED** without prejudice.
4. All other claims—including violation of the Equal Pay Act, age discrimination in violation of the ADEA, and conspiracy to commit perjury—are **DISMISSED** with prejudice.
5. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff, and to close this case.

IT IS SO ORDERED.

Dated:   **September 11, 2024**                              _____
                                                              UNITED STATES DISTRICT JUDGE